JOHN W. HUBER, United States Attorney (#7226)
CRISTINA P. ORTEGA, Assistant United States Attorney (#9567)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682
Email: cristina.ortega@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> DYLLAN SCOTT GABBARD and SEBASTIAN BLAKE ESCOBEDO, <br><br> Defendants. | Case No. 2:20-mj-00490 DBP <br><br> CRIMINAL COMPLAINT <br><br> VIOLATIONS: <br><br> Count I: 18 U.S.C. § 2251(a) and (e), Production of Child Pornography <br><br> Count II: 18 U.S.C. § 2252A(a)(2)(A) and (B) and (b)(1), Distribution of Child Pornography <br><br> Count III: 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), Possession of Child Pornography |

Before the Honorable Dustin B. Pead, Chief United States Magistrate Judge for the District of Utah, appeared the undersigned, who on oath deposes and says:

### COUNT I
18 U.S.C. §2251(b) and (e),
(Production of Child Pornography)

On or about February 23, 2020 and continuing until April 23, 2020, in the Northern Division of the District of Utah, and elsewhere,

DYLLAN SCOTT GABBARD and

SEBASTIAN BLAKE ESCOBEDO,

defendants herein, did knowingly, employ, use, persuade, induce, entice, and coerce a minor, Minor A, to engage in sexually explicit conduct for the purpose of producing visual depictions of such conduct, and the defendants, DYLLAN SCOTT GABBARD and SEBASTIAN BLAKE ESCOBEDO, knew or had reason to know such visual depictions would be transported across state lines and in foreign commerce, by any means including the internet, and which visual depictions were mailed and transported across state lines and in foreign commerce, by any means including the internet, and such visual depictions were produced using materials that had been mailed, shipped, and transported across state lines and in foreign commerce by any means; and attempted to do so; all in violation of 18 U.S.C §2251(b) and(e); and aided and abetted; all in violation of 18 U.S.C § 2.

### COUNT II
18 U.S.C. § 2252A(a)(2)(A) and (B)and (b)(1),
(Distribution of Child Pornography)

On or about February 23, 2020 and continuing until April 23, 2020, in the Northern Division of the District of Utah, and elsewhere,

DYLLAN SCOTT GABBARD and

SEBASTIAN BLAKE ESCOBEDO,

defendants herein, did knowingly distribute any child pornography, and material that

contained child pornography, as defined in 18 U.S.C. § 2256(8) that had shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and attempted to do so; all in violation of 18 U.S.C. § 2252A(a)(2)(A), (B), and (b)(1); and aided and abetted; all in violation of 18 U.S.C § 2.

## COUNT III
18 U.S.C. § 2252A(a)(5)(B) and (b)(2),
(Possession of Child Pornography)

Beginning on a date unknown and continuing until April 23, 2020, in the Northern Division of the District of Utah, and elsewhere,

DYLLAN SCOTT GABBARD and

SEBASTIAN BLAKE ESCOBEDO,

the defendants herein, did knowingly possess any material which contains an image of child pornography, involving a minor who had not attained 12 years of age, as defined in 18 U.S.C. § 2256(8), that had been mailed, shipped, and transported in interstate and foreign commerce by any means, including by computer, and which images were produced using materials that had been mailed, shipped and transported in and affecting interstate and foreign commerce, including by computer, and attempted to do so; all in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2); and aided and abetted; all in violation of 18 U.S.C § 2.

## BACKGROUND OF INVESTIGATION

This complaint is made on the basis of an investigation consisting of the following:

I, John William Peirce, being duly sworn, hereby deposes and state as follows:

1. Your affiant is a certified peace officer in the State of Utah with over 13 years of experience. Your affiant is currently employed at the Davis County Sheriff's Office. Your affiant has served in an assortment of specialty assignments that include: SWAT, Davis County Child Abduction Response Team (CART), Davis County Protocol Team (Officer Involved Shooting Investigations), Firearms Instructor, Internet sex crimes investigator, and homicide investigator. Your affiant is also currently assigned to the Federal Bureau of Investigations Child Exploitation Task Force (CETF) and the Utah Attorney General's Internet Crimes against Children Task Force (ICAC). The CETF and ICAC task forces are multi-jurisdictional task forces comprised of local, state, and federal law enforcement officers. They investigate internet crimes against children, including state and federal violations of law, such as those dealing with enticement of minors and child pornography for state and federal prosecution. I have been involved in numerous investigations involving sex crimes against children, to include leading investigations related to the sexual exploitation of children over the internet, writing and executing search warrants, conducting undercover operations via the internet, interviewing victims, interviewing suspects and conducting arrests.

## FACTS AND CIRCUMSTANCES

2. On or about February 25, 2020, the National Center for Missing and Exploited Children (NCMEC) filed a complaint on behalf of Twitter, Inc., a social media platform, stating a user distributed, uploaded, or downloaded child sexual abuse material to or from a Twitter account. NCMEC provided an account username, the associated images/videos of child sexual abuse material, and IP address.

3. Your affiant viewed the content associated with the NCMEC complaint and found files that contained child sexual abuse material that included images of infants, toddlers, and prepubescent children. Your affiant also viewed messages between the reported account user and other individuals where the dialogue focused on the exchange of child sexual abuse materials. The reported account user also admitted to storing child sexual abuse material on a social media application on a cellphone in these messages.

4. Your affiant knows that further investigation was conducted as to the reported account user that revealed additional email accounts. One these email accounts associated with the reported user account contained pay stubs for Sebastian Blake Escobedo as well as a browser history seeking child sexual abuse material.

5. Legal process was served for the IP address associated with the NCMEC complaint. The address connected to the IP address was identified as a residence in Weber County, Utah where Dyllan Scott Gabbard was found to reside. Your affiant knows that based on further investigation and surveillance conducted at the residence on

April 20, 2020, Sebastian Blake Escobedo was determined to also reside at this Weber County, Utah residence.

6. On April 23, 2020, your affiant, along with investigators from the FBI Child Exploitation Task Force, executed a search warrant at the Weber County, Utah residence of Sebastian Blake Escobedo and Dyllan Scott Gabbard.

7. On April 23, 2020, your affiant interviewed Sebastian Blake Escobedo. Post-*Miranda*, Sebastian Blake Escobedo told law enforcement they would find child sexual abuse material on his cellphone on a social media application called Telegram. He stated he obtained the child sexual abuse material from Telegram and had last used Telegram a week prior to look at child sexual abuse material. He stated the first time he saw child sexual abuse material was on Twitter. Sebastian Blake Escobedo further admitted he provided Dyllan Scott Gabbard with an image of a nude male child via text message. He also admitted that Dyllan Scott Gabbard showed him sexually explicit images that a twelve year old male, Minor A, sent to Dyllan Scott Gabbard in exchange for the image of the nude male child Dyllan Scott Gabbard sent to Minor A. The sexually explicit images of Minor A included images of Minor A's exposed genitals.

8. Your affiant knows that a preliminary search of Sebastian Blake Escobedo's cellphone revealed images and videos of child sexual abuse material, including acts of sexual abuse on infants and toddlers. Chats were observed that included discussions focused on the distribution and trading of child sexual abuse material, including the sexual abuse of infants and toddlers. In addition, it was revealed that

Sebastian Blake Escobedo distributed sexually explicit images of Minor A informing other individuals in his chats that they should stay tuned because he would try to get more sexually explicit images of Minor A.

9.     On April 23, 2020, your affiant knows that Dyllan Scott Gabbard was interviewed by a FBI Child Exploitation Task Force Officer. Post-*Miranda*, Dyllan Scott Gabbard admitted to using the online gaming platform Roblox. Dyllan Scott Gabbard stated that Sebastian Blake Escobedo directed him to talk to kids on Roblox and to act like he was a kid too. Dyllan Scott Gabbard met Minor A, a twelve year old male on Roblox, and soon thereafter began to communicate with Minor A via WhatsApp and email. Sebastian Blake Escobedo then sent Dyllan Scott Gabbard sexually explicit images of a boy via text message with instructions to send these images to Minor A in order to have Minor A send back sexually explicit images of himself. Dyllan Scott Gabbard admitted he asked Minor A to take and send sexually explicit images to him via email and then shared these sexually explicit images with Sebastian Blake Escobedo via text message.

10.    Your affiant knows that a preliminary search of Dyllan Scott Gabbard's cellphone revealed approximately four sexually explicit images of Minor A in various poses with his genitals, anus, and/or buttocks exposed. A chat was observed between Dyllan Scott Gabbard and Sebastian Blake Escobedo where after receiving a sexually explicit image of Minor A Sebastian Blake Escobedo replied "Hot…No more pics?" In

addition, other child sexual abuse material was observed to have been shared between the two.

11.   Your affiant knows that Minor A, twelve years old, provided a statement on April 23, 2020. Minor A stated that he met Dyllan Scott Gabbard via Roblox approximately two months prior. Dyllan Scott Gabbard told Minor A he was twelve years old. They then began to communicate via WhatsApp and email. Soon thereafter Dyllan Scott Gabbard asked Minor A to send him sexually explicit images of himself. Minor A initially resisted but after receiving an image of a nude boy from Dyllan Scott Gabbard Minor A sent sexually explicit images of himself to Dyllan Scott Gabbard where the focus of the images was on the genitals, anus, and buttocks as Dyllan Scott Gabbard instructed. These images were sent to Dyllan Scott Gabbard via email.

12.   Your affiant know that a forensic examination conducted on Minor A's cellphone revealed conversations between Dyllan Scott Gabbard and Minor A as well as sexually explicit images of Minor A consistent with those sent to Dyllan Scott Gabbard and ultimately distributed by Sebastian Blake Escobedo via Telegram.

13.   Based on these facts, your affiant respectfully submits that there is probable cause to believe that Sebastian Blake Escobedo and Dyllan Scott Gabbard have committed violations of 18 U.S.C. § 2251(a) and (e), Production of Child Pornography, 18 U.S.C. § 2252A(a)(2)(A) and (B)and (b)(1), Receipt and Distribution of Child Pornography, and 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), Possession of Child Pornography.

Based on the foregoing information, your affiant respectfully requests that warrants of arrest be issued for Sebastian Blake Escobedo and Dyllan Scott Gabbard.

_____
Affiant, TFO John William Peirce
Davis County Sheriff's Office

SUBSCRIBED AND SWORN to before me this 25th day of June, 2020.

_____
Dustin B. Pead
Chief United States Magistrate Judge

APPROVED:

JOHN W. HUBER
United States Attorney

CRISTINA ORTEGA
Digitally signed by CRISTINA ORTEGA
Date: 2020.06.25 08:56:44 -06'00'
_____
CRISTINA P. ORTEGA
Assistant United States Attorney